# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CHARLES JEFFERY DAVIS,

    Petitioner,

v.

MARGARET GILBERT,

    Respondent.

NO. 3:17-cv-05665-RBL-TLF

**ORDER GRANTING STAY**

Petitioner Charles Jeffery Davis filed a habeas corpus petition challenging his custody under a state court judgment and sentence. Dkt. 3. Respondent has answered the petition, Dkt. 8, and petitioner has filed a reply, Dkt. 12. Petitioner moves to stay these proceedings until the resolution of his complaint with the Washington State Bar Association against his appellate counsel. Dkt. 11. Respondent Margaret Gilbert does not object to the motion. Dkt. 11-1.

## DISCUSSION

The Court may stay a petition and hold the proceedings in abeyance where the stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). If employed too frequently, stays and abeyances have the potential to undermine the twin purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA)—encouraging finality and streamlining federal habeas proceedings because stays delay resolution and

decrease the incentive to exhaust all claims in state court before filing a federal petition. *Id*. Therefore, "stay and abeyance should be available only in limited circumstances." *Id.* at 277.

Here, petitioner requests a stay not to fully exhaust his claims, but rather to resolve a complaint with the Washington State Bar Association against his former appellate counsel. *See* Dkt. 12, p. 3. He asserts that the outcome of that process will provide evidence of excusable neglect, which in turn would permit equitable tolling of the one-year statute of limitations for his habeas corpus petition. *Id.* That statute of limitations is the focus of respondent's answer to the petition. Dkt. 8.

Respondent has not responded to the motion to stay proceedings. According to petitioner's affidavit, respondent has agreed to stay proceedings until the bar complaint is resolved. Dkt. 11-1.

**CONCLUSION**

Accordingly, petitioner's motion to stay, Dkt. 11, will be **GRANTED** and this matter **STAYED** pending resolution of petitioner's bar complaint against his former appellate counsel. The Court also directs the parties to file a joint status report every ninety (90) days that sets forth the progress of petitioner's bar complaint. *See Rhines*, 544 U.S. at 277–78 (noting that even where stay and abeyance is appropriate, a federal district court's discretion to structure a stay is limited by AEDPA's timeliness concerns). The Clerk is directed to send copies of this Order to petitioner.

DATED this 25th day of April, 2018.

Theresa L. Fricke
United States Magistrate Judge