UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES JEFFERY DAVIS,<br><br>    Petitioner,<br> v.<br><br>MARGARET GILBERT,<br><br>    Respondent. | Case No. C17-5665 RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for January 3, 2020 |

This matter comes before the Court on petitioner's filing of a motion to voluntarily dismiss the current petition for writ of habeas corpus. Dkt. 23. Respondent has informed the Court that respondent does not object to petitioner's motion. Dkt. 24.

## DISCUSSION

A habeas corpus petitioner is "entitled to guide the course of his litigation, including dismissing his action […] provided he is mentally competent to do so." *Mason v. Vazquez*, 5 F.3d 1220, 1223 (9th Cir. 1993). Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Pursuant to Rule 41(a)(1), an action may be dismissed by the plaintiff without a court order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

After service of an answer or motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part that:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. […] Unless the order states otherwise a dismissal under this paragraph (2) is without prejudice.

The decision to grant a voluntary dismissal pursuant to Rule 41(a)(2) is within the sound discretion of the court. *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). For purposes of voluntary dismissal, "legal prejudice" means prejudice to a legal interest, claim or argument. *Id.* at 976. Finally, when a party moves to voluntarily dismiss an action without specifying whether they seek to dismiss the action with or without prejudice, the determination is left to the discretion of the court. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

Here, respondent has filed a response to petitioner's petition for writ of habeas corpus (Dkt. 8) and no stipulation of dismissal has been filed by the parties. Accordingly, the petition can only be dismissed by court order, on terms that the court considers proper.

Mr. Davis requests that his petition be "withdrawn" due to "serious ongoing medical issues." Dkt. 23. Petitioner submitted medical records indicating that petitioner requires surgery on his spinal cord. Dkt. 23. There is no evidence in the record suggesting that this medical condition has rendered him incompetent to manage the course of his litigation. Respondent does not oppose petitioner's motion. Dkt. 24. Therefore, neither party will be prejudiced by the voluntary dismissal of this action.

For the foregoing reasons, the undersigned recommends that the Court grant petitioner's motion (Dkt. 23) and dismiss this action without prejudice.

REPORT AND RECOMMENDATION - 2

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on **January 3, 2020**, as noted in the caption.

Dated this 16th day of December, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3